IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SEVENTEENTH STREET ASSOCIATES, LLC,
d/b/a Huntington Health and Rehabilitation Center,

Plaintiff,

v.   CIVIL ACTION NO. 3:11-0478

FAITH COLE, next friend and
on behalf of RUTH HAYNIE,

Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Dismiss by Defendant Faith Cole, in her capacity as next friend and on behalf of her mother, Ruth Haynie. [ECF No. 8]. Defendant Seventeenth Street Associates, LLC., d/b/a Huntington Health and Rehabilitation Center (HHRC), opposes the motion. For the following reasons, the Court **DENIES** the motion and **DENIES AS MOOT** Ms. Cole's additional Motion to Stay Ruling on Plaintiff's Motion to Compel Arbitration and Stay State Court Proceedings. [ECF No. 15].

### I.
### DISCUSSION

This action is directly related to another action brought before this Court by Canyon Sudar Partners, LLC (CSP) and others against Ms. Cole to compel arbitration in a civil action filed by Ms. Cole in Circuit Court of Cabell County, West Virginia. *See Canyon Sudar Partners, LLC v. Cole*, No. 3:10-1001, 2011 WL 1233320 (S.D. W. Va. Mar. 29, 2011); *Cole v. Canyon Sudar Partners, LLC,* No. 10-C-0167 (Cir. Ct. of Cabell County, W. Va.). In the state action, Ms. Cole

alleges, inter alia, that her mother suffered personal injuries while she was a resident at HHRC, a nursing home facility located in Huntington, West Virginia. However, Ms. Cole did not sue Seventeenth Street Associates or HHRC. Rather, she sued CSP, the primary parent company of Seventeenth Street Associates, and SVCare Holding LLC, Sava Senior Care LLC, SSC Equity Holdings LLC, SMV Management Company LLC, SMV Huntington LLC, and Annica Stansberry, who is the purported administrator of HHRC.[1] In response to the state action, CSP, SVCare Holdings LLC, Sava Senior Care LLC, and SSC Equity Holdings LLC.[2] filed an action in this Court seeking to enforce the "Agreement for Dispute Resolution Program" (DRP) that was signed by a representative of HHRC and Ms. Cole. In moving to dismiss the first federal action, Ms. Cole argued, in part, that Seventeenth Street Associates and Annica Stansberry were indispensable parties under Rule 19 of the Federal Rules of Civil Procedure, and their addition to the federal action would destroy diversity jurisdiction. For the reasons set forth in the Memorandum Opinion and Order, the Court rejected Ms. Cole's argument and granted Plaintiffs' Motion to Compel Arbitration. Citing concerns of federalism, comity, and limitations imposed by the Anti-Injunction Act, 28 U.S.C. § 2283, however, this Court declined to stay the state action.

According to Seventeenth Street Associates, after this Court ruled in the first federal action, Ms. Cole did not initiate arbitration proceedings. Instead, she filed a motion in state court

---

[1] Ms. Cole also named in the state lawsuit John Does 1 through 10 and Unidentified Entities 1 through 10 (as to HHRC).

[2] SMV Management Company LLC, SMV Huntington LLC, Annica Stansberry, John Does 1 through 10 and Unidentified Entities 1 through 10 were parties to the state action, but they were not parties to the federal action.

to add Seventeenth Street Associates as a party defendant. In Response, Seventeenth Street Associates filed the present federal action based upon diversity jurisdiction. Seventeenth Street Associates also filed a Motion to Compel Arbitration and Stay State-Court Proceedings. [ECF No. 2], based upon this Court's ruling in the first federal action. Ms. Cole has moved to dismiss the second action because she asserts both her mother and Seventeenth Street Associates are West Virginia residents and diversity does not exist. Seventeenth Street Associates opposes the motion.

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. As Plaintiff, Seventeenth Street Associates bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Id*. (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

For purposes of diversity jurisdiction, the Fourth Circuit has held that "the citizenship of a limited liability company . . . is determined by the citizenship of all of its members[.]" *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Gen. Tech Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004)). According to Seventeenth Street Associates, it is a limited liability company organized in West Virginia, but its citizenship is

located in New York and New Jersey. According to Seventeenth Street Associates, its organizational structure is as follows:

1. The sole member of HHRC is SSC Huntington Operating Company, LLC.

2. The sole member of SSC Huntington Operating Company, LLC is SSC Submaster Holdings, LLC.

3. The sole member of SSC Submaster Holdings, LLC is SSC Equity Holdings, LLC.

4. The sole member of SSC Equity Holdings, LLC is Sava Senior Care, LLC.

5. The sole member of Sava Senior Care, LLC is SVCare Holdings, LLC.

6. The sole member of SVCare Holdings, LLC is CSP.

7. CSP's two founding members are Leonard Grunstein and Murray Forman, who are citizens of New Jersey and New York, respectively.

Therefore, Seventeenth Street Associates asserts that it is a citizen of New Jersey and New York. Plaintiff does not challenge the structure of the membership from SSC Huntington Operating Company LLC through Messrs. Grunstein and Forman, nor does she challenge the citizenship of Messrs. Grunstein and Forman. Rather, she challenges Seventeenth Street Associates' contention that its sole member is SSC Huntington Operating Company LLC. Specifically, Ms. Cole asserts that HHRC's December 1, 2005 Articles of Organization states it is managed by Tri-State Health Care, Inc., a West Virginia corporation.

-4-

However, Seventeenth Street Associates submitted a Declaration by Wynn G. Sims, acting as the Senior Paralegal and Corporate Secretary for SavaSeniorCare Administrative Services, LLC, in which he explains that on "December 31, 2005, HHRC's then-members–Tri-State Health Care, Inc. and Pinnacle Care Corporation of Huntington–assigned all of their membership interests in HHRC to SSC Huntington Operating Company LLC. Therefore, from that date to the present, HHRC's sole member has been SSC Huntington Operating Company LLC." *Declaration of Wynn G. Sims*, at ¶ 4. In addition, "[b]y letter dated January 24, 2006, HHRC informed the West Virginia Department of Health and Human Resources of the December 31, 2005 assignment of all membership interests in HHRC to SSC Huntington Operating Company LLC." *Id*. at ¶5. Mr. Sims attached copies of the Assignment of Membership Interests and the letter sent to the West Virginia Department of Health and Human Resources to his Declaration.

Ms. Cole responds by arguing that there is no indication that the change was ever filed with the West Virginia Secretary of State's Office pursuant to West Virginia Code § 31B-2-203[3] and 204.[4] Therefore, Ms. Cole argues that Seventeenth Street Associates has failed to establish

---

[3]West Virginia Code 31B-2-203(a) provides:

> (a) Articles of organization of a limited liability company must set forth:
>
> (1) The name of the company;
>
> (2) The address of the initial designated office in West Virginia, if any, and the mailing address of the principal office;
>
> (3) The name and address of the initial agent for

(continued...)

---

[3](...continued)
service of process, if any;

(4) The name and address of each organizer and of each member having authority to execute instruments on behalf of the limited liability company;

(5) Whether the company is to be a term company and, if so, the term specified;

(6) Whether the company is to be manager-managed and, if so, the name and address of each initial manager;

(7) Whether one or more of the members of the company are to be liable for its debts and obligations under section 3-303(c);

(8) The purpose or purposes for which the limited liability company is organized; and

(9) An e-mail address where informational notices and reminders of annual filings may be sent, unless there is a technical inability to comply.

W. Va. Code § 31B-2-203(a).

[4]West Virginia Code § 31B-2-204 states:

(a) Articles of organization of a limited liability company may be amended at any time by delivering articles of amendment to the secretary of state for filing. The articles of amendment must set forth the:

(1) Name of the limited liability company;

(2) Date of filing of the articles of organization; and

(3) Amendment to the articles.

(b) A limited liability company may restate its articles

(continued...)

sufficient proof that it is not a West Virginia resident. In the alternative, Ms. Cole requests the Court allow her to depose Mr. Sims about the transfer.

Seventeenth Street Associates responds by stating it is not required to identify its members in its Articles of Organization because it is a manager-managed LLC, not a member-managed LLC. Seventeenth Street Associates submitted a copy of Articles of Organization which expressly provides for its manager-managed status. Therefore, Seventeenth Street Associates asserts any allegations of impropriety with the Secretary of State's Office by Ms. Cole are completely meritless, and jurisdictional discovery is unwarranted given the plain evidence that the transfer occurred.

Upon review of the documents submitted by the parties, the Court finds Seventeenth Street Associates has sufficiently established its sole member is SSC Huntington Operating Company LLC and, through the organizational structure, ultimately it is a citizen of New Jersey and New York. In addition, the Court finds that Seventeenth Street Associates appears to be a manager-

---

[4](...continued)
of organization at any time. Restated articles of organization must be signed and filed in the same manner as articles of amendment. Restated articles of organization must be designated as such in the heading and state in the heading or in an introductory paragraph the limited liability company's present name and, if it has been changed, all of its former names and the date of the filing of its initial articles of organization.

W. Va. Code § 31B-2-204.

managed company. Irrespective, however, of whether it was necessary for Seventeenth Street Associates to file amendments with the Secretary of State's Office when Tri-State Health Care, Inc. and Pinnacle Care Corporation assigned their interests in Seventeenth Street Associates to SSC Huntington Operating Company LLC, the evidence demonstrates, without doubt, that the assignment was made. Given that Seventeenth Street Associates provided the actual document making the assignment and Mr. Sims attested to the assignment and stated that the sole member of HHRC has been SSC Huntington Operating Company LLC from December 31, 2005 to the present, the Court agrees with Seventeenth Street Associates that additional discovery on the issue is unnecessary and will merely delay final resolution of this case. Therefore, the Court denies Ms. Cole's request for jurisdictional discovery. *See Base Metal Trading. Ltd. v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208, 216 n.3 (4th Cir. 2002) (stating "the decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court").

Seventeenth Street Associates further argues that Mrs. Haynie is not a resident of West Virginia because Ms. Cole moved her to a nursing home in North Carolina. In making this argument, Seventeenth Street Associates concedes the Fourth Circuit held in *Long v. Sasser*, 91 F.3d 645 (4th Cir. 1996), that someone who is incompetent is incapable of changing his domicile unless, since being determined to be incompetent, he has "'acquired sufficient understanding and mental capacity to make an intelligent choice of domicile.'" 91 F.3d at 647 (quoting *Foster v. Carlin*, 200 F.2d 943, 946 (4th Cir. 1952)). In this case, Seventeenth Street Associates does not challenge Mrs. Haynie's incompetent status or that she was a resident of West Virginia when she become incompetent. Rather, it argues that *Long* was wrongly decided and should be overturned. This

Court has no authority to overturn the decision in *Long* and is bound by the precedent established by the Fourth Circuit. Therefore, the Court declines to find Mrs. Haynie is a resident of North Carolina.

Finally, Ms. Cole filed a Motion to Stay Ruling on Plaintiff's Motion to Compel Arbitration and Stay State Court Proceedings [ECF No. 15], until the Court rules on her Motion to Dismiss. Having found that diversity exists between Mrs. Haynie, a West Virginia resident, and Seventeenth Street Associates, a New Jersey and New York resident, the Court **DENIES** the Motion to Dismiss, and **DENIES AS MOOT** her Motion to Stay. As Ms. Cole never filed a response to Seventeenth Street Associates' Motion to Compel Arbitration and Stay State-Court Proceedings, the Court **DIRECTS** Ms. Cole to file her Response on or before **February 7, 2012**. Seventeenth Street Associates shall file its Reply on or before **February 14, 2012**.

## II.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Ms. Cole's Motion to Dismiss and her Motion to Stay Ruling [ECF Nos. 8 & 15], and **DIRECTS** the parties to complete their briefing on the Motion to Compel Arbitration and Stay State-Court Proceedings.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: January 31, 2012

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE